STATE OF IOWA, Appellee, v. ANDREW HERBERT, Appellant.

No. 40277.

JUNE 23, 1930.

*H. C. & H. C. Taylor* and *T. A. Goodson,* for appellant.

*John Fletcher,* Attorney-general, and *Verne J. Schlegel,* County Attorney, for appellee.

WAGNER, J.—This case was submitted without brief and argument by either the State or the defendant. At the time of the submission, the assistant attorney-general orally confessed error, and consented that the judgment of the trial court should be reversed. We have examined the abstract, and find reversible error hereinafter referred to.

The grand jury, by an indictment, charged the defendant with an offense in violation of the prohibitory liquor laws of this state. To this indictment the defendant entered a plea of not guilty. A jury was impaneled for the trial of the defendant, and the trial had begun. The county attorney then made application to the court for permission to amend the indictment, which permission was granted. The amendment which was filed charged, among other things:

"That the said defendant, Andrew Herbert, had previously entered a plea of guilty at the October, A. D. 1925, term of the Davis County, Iowa, district court, and had been convicted on an indictment at said term of court, charging him with the

maintenance of a liquor nuisance, as shown by the records of this court."

It will be observed that the charge in the original indictment was only for a first offense, while the amendment, in addition to a charge for a first offense, charged the defendant as for a second offense, under Section 1964, Code, 1927. The defendant immediately filed a motion to strike from the amended indictment the aforesaid quoted language, for the reason that it is not a permissible amendment, under the statutes of this state. Said motion to strike was overruled. The defendant then withdrew his plea of not guilty, and demurred to the amended indictment on two different grounds, which demurrer was overruled. The defendant refused to further plead, whereupon the court pronounced judgment against him as for a second offense, as charged in the amended indictment.

It is apparent that the original indictment did not charge, and that it was not the intent of the grand jury to charge, the defendant as for a second offense. In order to convict the defendant as for a second offense, it was necessary to allege in the indictment his conviction for a former offense. See Section 1954, Code, 1927. Our statutory law relative to amendments to indictments provides that an amendment shall not be ordered or permitted "when it will have the effect of charging the accused with an offense which is different than the offense which was intended to be charged in the indictment as returned by the grand jury." See Section 13747, Code, 1927. The court was in error in permitting the amendment and in refusing to strike the same and in pronouncing judgment against the defendant as for a second offense. This conclusion makes it unnecessary to consider whether the amended indictment is in other respects faulty. The judgment of the trial court is hereby reversed.— *Reversed.*

MORLING, C. J., and EVANS, DE GRAFF, KINDIG, and GRIMM, JJ., concur.