64

## BECK v. STATE.

No. A-11153. March 8, 1950.

(215 P. 2d 856.)

John A. Cochran and W. M. Hullett, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The appellant defendant below, Otha Beck, was charged by information with the unlawful possession of 291 pints, 486 half-pints and 63 fifths, or 27 cases in all, of tax-paid whisky, as disclosed by the evidence, in Tulsa county, Okla., on March 13, 1948. The charging part of the information is in words and figures as follows, to wit:

"That Otha Beck on the 13th day of March, A. D., 1948, in Tulsa County, State of Oklahoma, and within the jurisdiction of this Court, did unlawfully, wrongfully and wilfully and feloniously have in his possession certain intoxicating liquor, to-wit: 291 pints; 486 one-half pints; and 63 one-fifths of tax-paid whisky; with the unlawful intent then and there, upon the part of said defendant, to barter, sell, give away and otherwise furnish same in violation of the prohibitory liquor laws of the State of Oklahoma.

"That said defendant heretofore, to-wit: on the 17th day of August, 1945, was convicted of Unlawful Possession of Intoxicating Liquor in the Common Pleas Court of Tulsa County, Oklahoma, and was sentenced to pay a $50.00 fine and serve 30 days in the County Jail, by Judge Harley, in Case No. 47247.

"That said defendant also, on the 24th day of October 1945, was convicted of Unlawful Possession of Intoxicating Liquor in the Common Pleas Court of Tulsa County, Oklahoma, and was sentenced by Judge Smith of said Court to pay a $100.00 fine and serve 30 days in the County Jail, in Case No. 47866, said sentence of 30 days in the county jail being a suspended sentence, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

The defendant filed his motion to suppress the evidence in support of the information on the ground the same had been obtained contrary to law. It is well to note here that he abandoned this contention on appeal. After the evidence was heard in support of the motion

to suppress and the motion overruled, a jury was waived and it was stipulated that the evidence on the motion to suppress might be considered as the evidence in the case in chief. The evidence briefly was to the effect that the officer was seated in his automobile in the street adjacent to the defendant's home at 6102 East Pine street, Tulsa, Okla. While so situated he observed the defendant hurriedly removing sealed cartons of whisky containing on the side the words "National Distilleries" and recognizing the same as sealed cartons of whisky he thereupon placed the defendant under arrest, and discovered a quantity of whisky established by the proof to be some 27 cases. He arrested the defendant without a warrant for an offense committed within his presence. These facts bring the case within Griffin v. State, 90 Okla. Cr. 90, 210 P. 2d 671. However, there is not a scintilla of proof as to the prior convictions alleged in the information, nor does the record contain a stipulation as to the truth of the allegations contained in the information relative to the prior convictions. A demurrer was interposed to the sufficiency of the evidence to support a cause of action against the defendant and in favor of the state. The evidence was entirely sufficient to sustain a charge of unlawful possession of intoxicating liquor in violation of the provisions of section 31, Title 37 O. S. A. 1941. The court upon overruling the demurrer, and finding the defendant guilty, then proceeded to pronounce judgment and sentence as under the provisions of section 12, Title 37 O. S. A. 1941, as for a second and subsequent convictions as follows, to wit:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the

county jail, nor more than five (5) years in the State Penitentiary, and it shall be mandatory upon the trial judge in cases where anyone has been convicted under any provision of this act, to pronounce sentence within ten days from the date of conviction."

As to the demurrer, the court's ruling would have been valid had not the information charged facts bringing the case clearly within the provisions of section 12, Title 37 O. S. A. 1941, which made it necessary that the state establish with proper proof the two prior offenses alleged in the information. It clearly appears that the court might have sentenced the defendant under the provisions of section 31, Title 37 O. S. A. 1941, but it was error, under the state of the record herein confronting us, to overrule the demurrer and then impose sentence as for a second and subsequent convictions, in the absence of proof as to the former convictions. In Johnston v. State, 46 Okla. Cr. 431, 287 P. 1068, this court said in syllabi 1 and 2:

"Where an accused is prosecuted for a second violation of the prohibitory liquor law under the provisions of second 6991, Comp. Stat. 1921 [37 O. S. 1941 § 12], the state must plead and prove the previous conviction as an essential element of the crime. A plea of not guilty to an information which alleges a former conviction of the accused puts in issue, not only all matters of fact essential to the crime for which he is being tried, but also the fact of the alleged former conviction."

Therein see the numerous authorities cited in support of the foregoing rule. Also, Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109, holding that such proof is essential but may be by circumstantial evidence. In the instant case it was error to overrule the demurrer and then impose sentence for a second and subsequent offense in the absence of proof supporting the same. Clearly the court was without jurisdiction to pronounce the judg-

ment and sentence herein rendered, in the absence of proof to support the first and second offenses relied upon to bring the case within the provisions of section 12, Title 37 O. S. A. 1941, and it was reversible error so to do.

Moreover, if the evidence had been sufficient to sustain a judgment and sentence for the offense as laid in the information under the provisions of section 12, Title 37 O. S. A. 1941, supra, the judgment and sentence herein imposed would be void as not within the foregoing provisions or within the court's power to pronounce, in that it does not impose a fine of not less than $50, the mandatory minimum provided in the Constitution, Art. I, Section 7, as was held in Harrigill v. State, 90 Okla. Cr. 347, 214 P. 2d 263, 265, wherein it was said:

"The prohibitory provisions of the Oklahoma Constitution, Art. I, § 7, are self-executing, and all embracing against the manufacture, sale, advertising for sale, soliciting the purchase of any liquors, barter, giving away, shipping, conveying or otherwise furnishing any intoxicating liquor of any kind, and fixing the minimum penalty therefor at a fine of not less than $50 and imprisonment at not less than 30 days in jail; and such minimum penalty provisions constitutes a limitation on the legislative power to fix the minimum penalty for a third offense and 'an habitual offender of the prohibition laws of this state', at imprisonment in the penitentiary at not less than one year, S. L. 1911, Ch. 70, p. 165, § 18 [37 O. S. 1941 § 14], and such act is unconstitutional and void since the same is in conflict with the minimum penalty provisions of the Constitution."

This provision is not only a limitation on the Legislature but also the court's power to pronounce judgment and sentence in disregard of the $50 minimum fine therein provided. Hence, for two reasons this case must be reversed and remanded for a new trial. First, because of the failure of proof as to the first and second offenses

and preceding the offense on which the charge of unlawful possession was laid and, second, because the sentence imposed does not carry with it the constitutional minimum fine of $50 provided under the provisions of section 12, Title 37 O. S. A. 1941, and under which provisions the judgment and sentence was sought to be imposed. It is unfortunate that such a glaring oversight should occur wherein the evidence is so overwhelming as to guilt, and wherein the state no doubt could have supplied the necessary proof to bring the case within the enhanced penalty provision of section 12, Title 37 O. S. A. 1941. Hildebrandt v. State, 19 Okla. Cr. 30, 197 P. 852. The provisions of which said section 12 were clearly intended to cover habitual violators of the prohibition act, and its more severe penalties were designed and intended to punish violators such as the defendant herein, but this court cannot put its stamp of approval upon void judgments such as the one rendered herein. For all of the above and foregoing reasons, the judgment and sentence herein is accordingly reversed, vacated and set aside with directions to re-try the defendant on the information herein involved in accordance with the views expressed in this opinion.

JONES, P. J., and POWELL, J., concur.