## SHIEVER v. STATE.

No. A-11220.   Sept. 20, 1950.

(222 P. 2d 530.)

Rutherford H. Brett and J. W. Murphy, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Ed Shiever, was charged by an information filed in the district court of Payne county with the crime of unlawful possession of intoxicating liquor, after having been twice previously convicted for the unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to serve 90 days

in the county jail and pay a fine of $50, and has appealed.

The first assignment of error is that the court erred in forcing the defendant to trial on the amended information over defendant's objection and request for time to plead.

The original information is not contained in the case-made and the only statement we have to guide us in determining this assignment of error is the statement of the trial court which was made at the time the amended information was filed. In this connection the record discloses:

"By the Court: Let the record show the County Attorney requests leave to file an amended information and leave granted,—Information filed without prejudice to trial. The defendant thereupon files his demurrer. Overruled and exception allowed and plea of not guilty entered. Mr. Simcoe: For the sake of the record, I also like to ask the Court that this case be stricken from the present assignment for the reason that this amended information on which they intend to prosecute the defendant was just filed at the time of calling the jury and we had no notice of the filing of such amended information. By the Court: Is it just an amendment as to form? By the County Attorney: It's an amendment as to form, if the Court please, we set out more fully the previous convictions. By the Court: Overruled. By Mr. Simcoe: Further reason, the defendant has had no opportunity to examine the same to be informed of the charge contained in the amended information for the reason it was not the information upon which he was arraigned and upon which he prepared for trial. By the Court: Let the record show in as much as the Information was not amended as to substance but merely amended as to form, the objection is overruled. Now, is the plaintiff ready? The County Attorney: Yes, sir. By the Court: Is the defendant ready? Mr. Simcoe: Yes, sir."

From the statement of the court it is evident that the amendment to the information was one as to form so as to more clearly set forth the prior convictions of defendant.

In the case of Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, 259, this court stated:

"An information may be amended in matters of either form or substance when it can be done without prejudice to the substantial rights of the accused. No amendment shall cause any delay in the trial unless for good cause shown by affidavit."

In Jenner v. State, 72 Okla. Cr. 232, 114 P. 2d 956, it was held:

"The burden is upon the defendant to show that the trial court abused his discretion in allowing an information to be amended as to form after the case has been called for trial or that such amendment materially prejudiced the defendant."

See, also, Butler v. State, 78 Okla. Cr. 133, 145 P. 2d 215; Conway v. State, 84 Okla. Cr. 118, 179 P. 2d 699.

In view of these decisions and many others it is evident that the trial court did not abuse his discretion in refusing to strike the case from the assignment because of the filing of the amended information on the date of the trial.

It is next contended that the verdict of the jury was contrary to the evidence. James Arrendell testified that on September 9, 1947, he met defendant near the corner of the Anthony store in the city of Stillwater; that during a conversation with defendant, Arrendell asked him where he might get a bottle of gin, to which the defendant replied that he might know where there was some;

that defendant then got into the car with the witness and directed him to drive out to the end of Husband street, then turn to the right and they continued on that road to the east until they crossed the railroad track; that immediately after crossing the railroad track defendant said "pull over and stop"; that the witness stopped his car; that defendant got out of the door on the right side of the car and the witness got out on the left; that the witness went to one side of the road and the defendant to the other side; that the witness had his back to the defendant and his attention was first called to the fact that a deputy sheriff had arrived by hearing a conversation between the defendant and the deputy sheriff; that the witness turned around and saw Deputy Sheriff Ralph White pick up a fifth of gin which was lying at the feet of the defendant. On cross-examination the witness stated that he never did see the defendant with any intoxicating liquor at all and that they had not agreed upon the price that would be paid for the liquor, but that he had driven out to where they had stopped at defendant's direction for the purpose of buying the liquor. The witness further stated that the bottle of gin which was exhibited to him appeared to be a cleaner bottle than the one that he saw in the possession of the deputy sheriff on the night in question.

Ralph White testified that on the night of September 9, 1947, while in his automobile he saw a car approaching a railroad embankment; that it went out of sight momentarily and never did appear in the road; that he wondered what had happened and drove over there; that as he arrived he saw the Arrendell car parked on the south side of the road and the defendant came around back to the north side of the road to a small bar ditch and stooped down; that the witness was in ten or fifteen feet of the

defendant and his tires made a noise which caused defendant to straighten up; that he asked defendant what he was doing there and defendant said "that he had came out to answer a call of nature"; that the witness got out of the car, walked over to where defendant had stooped down and picked up a fifth of gin. A full bottle of Kinsey gin containing four-fifths of a quart was identified by the witness as being the liquor found by him on that occasion and was introduced in evidence. On cross-examination defendant stated that he had no warrant for the arrest of defendant and had no search warrant for the automobile; that he stopped there wholly because of the suspicious circumstances. The witness further testified on cross-examination that there had formerly been a night club out on the road where this transpired and that he had had occasion while the night club was in operation to see whisky bottles strewn along the right of way of the road; that all the bottles he had ever seen, however, were empty bottles.

The court clerk then identified certain exhibits on file in his office which were introduced in evidence to prove the two prior convictions of the accused. The deputy sheriff was recalled for further cross-examination and testified that after he had placed the defendant in the county jail he went back out to the road where the gin had been found and made a search; that he found several old empty bottles and one bottle partially filled with whisky. No evidence was offered on behalf of the defendant.

As we view this record, the evidence was wholly circumstantial and if believed by the jury it was sufficient to authorize them to conclude that the liquor which was found belonged to the defendant and that he had it for the purpose of sale. Arrendell and defendant had gone

to the spot where the liquor was found for the sole purpose of Shiever making a sale to Arrendell. Although the officer did not find the liquor on the person of defendant, his actions were sufficient if credited by the jury to show that defendant was exercising control over the contraband.

No question of the validity of the search and seizure is presented for the reason that no search was made of defendant's person and no claim is made by defendant that the intoxicating liquor belonged to him. The whisky was found by the officer in the right-of-way where the officer had a legal right to be and the circumstances surrounding the finding of the liquor raised an issue for determination of the jury as to whom the liquor belonged.

The last contention presented on behalf of the defendant is that the court committed fundamental error in its instructions to the jury wherein the court designated the punishment to be fixed in case of a conviction as a fine of not less than $50 nor more than $2,000 and by imprisonment in the county jail for not less than 30 days nor more than five years in the State Penitentiary.

No exception was taken to the giving of this instruction but counsel insist that it constituted fundamental error which may be raised for the first time on appeal.

The basis for this contention arises in the fact that the information describes the offense charged against the defendant as one "of being a habitual violator of the prohibitory laws of the state of Oklahoma", which was an offense under Title 37 O.S. 1941 § 14, but that the court erroneously treated the charge as being one laid under Title 37 O.S. 1941 § 12. In the recent case of Harrigill v. State, 90 Okla. Cr. 347, 214 P. 2d 263, and Beck v. State, 91 Okla. Cr. 64, 215 P. 2d 856, this court held that

sec. 14, Tit. 37 O.S. 1941, was unconstitutional and had been repealed by implication by sec. 2, chapter 26, Sess. Laws of 1913, which now appears as Tit. 37 O.S. 1941 § 12.

If the trial court had submitted in an instruction under sec. 14 of Tit. 37 O.S. 1941, the court would have reversed the conviction as was done in Harrigill v. State, supra, and Beck v. State, supra. However, the trial court submitted the instruction under the correct statute.

The information clearly charges the defendant with the illegal possession of intoxicating liquor after two prior convictions for the illegal possession of intoxicating liquor, which prior convictions are set forth at length in the information. It is true that the descriptive label designates the crime with which the defendant stood charged as one of "being 'an habitual violator of the prohibition laws' * * *", but this descriptive label does not determine the character of the offense, if any, set forth in the information.

In Bruning v. State, 63 Okla. Cr. 1, 72 P. 2d 393, it was held:

"The introductory paragraph of an information is ordinarily equivalent to a mere descriptive label, and a wrong name given to the crime in that part of an information is an irregularity only, and not fatal. The charging part of the information must be looked to, to determine the character of the offense."

In Ex parte Conway, 84 Okla. Cr. 118, 179 P. 2d 699, and Bristow v. State, 86 Okla. Cr. 97, 189 P. 2d 629, this court held that the character of the offense is not determined by the name given to the crime in the descriptive label, but that the charging part of the information must be looked to, to determine the character of the offense.

We have found no errors of sufficient importance to justify or require a reversal of the conviction. The judgment and sentence of the district court of Payne county is accordingly affirmed.

BRETT and POWELL, JJ., concur.