Jack ROBERSON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12970.

Court of Criminal Appeals of Oklahoma.

April 26, 1961.

Rehearing Denied June 21, 1961.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an attempted appeal by casemade by Jack Roberson, defendant below, plaintiff in error herein.

The attempted appeal is from a charge by indictment for conjoint robbery with fire arms of Bobby Robertson of the sum of $350 by threatening said Robertson with a .38 automatic pistol, on January 20, 1960 in Tulsa County, Oklahoma, thereby putting Robertson in fear of his life, and taking from him the said sum of money. Defendant was tried by a jury, convicted, and his punishment set at 25 years in the penitentiary. Judgment and sentence was pronounced accordingly, from which this appeal by casemade was attempted.

The judgment and sentence was entered on April 19, 1960, at which time an extension of time was entered granting defendant sixty, ten and five days in which to prepare, serve, sign and settle casemade.

According to the record, no other extension of time appears to have been granted. The time for appealing therefore expired in June, 1960. It appears that the record was not served herein until October 11, 1960, but the petition in error and casemade were filed in this court on October 14, 1960, within the time for perfecting an appeal by transcript, but not by casemade.

This case falls within the rule announced in Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 202; Hoofer v. State, 82 Okl.Cr. 237, 164 P.2d 247, 168 P.2d 313; and Leach v. State, 95 Okl.Cr. 237, 246 P.2d 416.

██ On an appeal by transcript we are limited in our consideration to the transcript proper, composed of the indictment, the minutes, the instructions and the judgment and sentence. London v. State, Okl. Cr., 297 P.2d 567; Dixon v. State, 95 Okl. Cr. 207, 242 P.2d 474.

In Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143, we held that appeal by petition in error and transcript presents for review only fundamental errors, and not errors which require examination of the evidence taken at the trial. Questions as to admissibility and sufficiency of evidence cannot be urged on an appeal by transcript. Leach v. State, supra.

An examination of the indictment and minutes of the court discloses a fundamental error, prejudicial to the rights of the defendant. The indictment charges the sole and only crime of robbery with fire arms allegedly committed on January 20, 1960. There is no allegation as to former conviction in the indictment proper, such allusion appearing only in the descriptive label of the caption, "Robbery with fire arms, after former conviction of felony".

In a minute entered on March 8, 1960 the following notation appears: "Permission given to attorney to attach prior record to face of indictment", the inference being to grant the county attorney permission to attach defendant's prior criminal record, which the county attorney did.

The question thus presented by the transcript is, can an indictment such as the one herein presented be amended by attaching to the face of the indictment the defendant's prior record, disclosing three former convictions, one for robbery with firearms, and two others for burglary in the second degree? The answer obviously must be in the negative.

■ In answering the main question we are confronted by the preliminary inquiry, does the description in the caption control the nature of the offense charged in the indictment? That question likewise must be answered in the negative. In Caples v. State, 3 Okl.Cr. 72, 104 P. 493, 496, 26 L.R.A.,N.S., 1033, this Court said:

"The caption of the cause is placed on the information for convenience, and for the purpose of ready identification, and constitutes no part of the information itself."

Such is true in indictments.

■ In Miller v. State, Okl.Cr., 281 P. 2d 441, 443, Jones, P. J., speaking for the Court, said:

"Although the caption placed on the indictment by the county attorney describes the crime as 'furnishing narcotics,' it is established law that the caption to the indictment does not control in determining the nature of the offense allegedly charged but the words stated in the body of the indictment must be considered in the light in which they are used to determine whether they charge an offense. Shiever v. State, 92 Okl.Cr. 239, 222 P.2d 530; Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144; Bristow v. State, 86 Okl.Cr. 97, 189 P.2d 629; Hulsey v. State, 86 Okl.Cr. 273, 192 P.2d 301."

Hence, of necessity it must follow that the designation in the caption is not controlling of the charge as laid in the indictment.

Herein the indictment sufficiently charges the defendant only as a first and not as a subsequent offender after a former conviction. Such being the case, did the trial court have authority under the law to amend the indictment as above indicated, so as to bring it within the provisions of 21 O.S.1951 § 51, "Second And Subsequent Offenses"? If such power exists it must be found in 22 O.S.1951 § 410, hereinafter set forth.

In Ex parte Williams, 70 Okl.Cr. 377, 106 P.2d 524, 525, this Court said:

"The common-law rule, both in England and in this country, was that it was beyond the power of the court to make, order, or permit any amendment of any nature to an indictment. The strict rule of the common law against amendments was occasioned, it has been said, by the harshness of the punishment for relatively minor offenses and the humane tendencies of the court to fix on any flaw in the indictment to protect persons convicted of crime from such harshness. 37 Am.Jur. 675.

"The common-law rule is set forth in the syllabus of the case of Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849, as follows:

" 'When this indictment is filed with the court, no change can be made in the body of the instrument by order of the court, or by the prosecuting attorney, without a resubmission of the case to the grand jury. And the fact that the court may deem the change immaterial, as striking out of surplus words, makes no difference. The instrument, as thus changed, is no longer the indictment of the grand jury which presented it.

" 'This was the doctrine of the English courts under the common law. It is the uniform ruling of the American courts, except where statutes prescribe a different rule, * * *.'

"Most of the states have by statute provided that the courts may make amendments to the indictment where the amendments are in matters of form or to correct mere irregularities and do not go to matters of substance.

"In Oklahoma it is provided by statute, section 2892 O.S.1951, 22 Okl.St. Ann. § 410, as follows:

" 'No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.'

"This statute was copied from the laws of the Territory of Dakota and has been a part of our law since its adoption by the Oklahoma Territorial Legislature in 1890.

"This statute was construed in the early case of Smith v. Territory of Oklahoma, 14 Okl. 162, 77 P. 187, where it was held:

" 'Where an indictment is sufficient in all other respects, a mere clerical error or mistake in the spelling or use of a word does not render the indictment invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right.'

\*    \*    \*    \*    \*    \*

"We come then to the determination of the question as to whether the amendment was of a mere formal nature or one of substance which materially prejudiced the substantial rights of the defendant. It is conceded that the defendant was charged with this identical offense by preliminary complaint at which [time] the exact date was shown. The insertion of the impossible date was merely a typographical error by the stenographer who prepared the indictment. The defendant knew all of the time, from the date of the preliminary complaint to the date of the beginning of the trial, that he was being charged with the offense of receiving certain personal property therein named, which belonged to one Otis Fall, on December 26, 1938.

"It is apparent that the amendment occasioned no surprise to the defendant, and cannot be said to have prejudiced his substantial rights."

And see 42 C.J.S. Indictments and Informations § 230.

■ Thus it appears that as to informal matters an indictment may be amended, but can the amendment here under consideration be regarded as a matter of informality, or is it a matter of substance?

■ In O'Neil v. State, 76 Okl.Cr. 107, 134 P.2d 1033, 1035, it was said:

"It has been generally held that, in order to subject an accused to the enhanced punishment for a second or subsequent offense, or as an habitual criminal, it is necessary to allege in the indictment the fact of a prior conviction or convictions."

■ To the same effect is Long v. State, 77 Okl.Cr. 174, 140 P.2d 600, and Johnson v. State, 79 Okl.Cr. 71, 151 P.2d 801. Without such pleadings the trial court does not acquire jurisdiction to try the accused as a second or subsequent offender. Johnson v. State, 96 Okl.Cr. 294, 253 P.2d 179. We have even held that in preliminary complaints this is a matter of substance. Carter v. State, Okl.Cr., 292 P.2d 435. To be consistent we can apply no different rule to indictments.

This precise point has been passed on in other jurisdictions. In State v. Dent, 189 La. 159, 179 So. 67, that court said:

"Where indictment which charged defendant with assault with intent to murder was sought to be amended so as to charge defendant with striking with intent to murder, amendment ought not to have been allowed, since such amendment amounted to a substituted indictment, charging a graver crime, with heavier penalty." (Citing statutes.)

As the precise question of an indictment that does not charge a second offense being subject to amendment, the case of State v.

Herbert, 210 Iowa 730, 231 N.W. 318, is clearly in point:

> "It is apparent that the original indictment did not charge, and that it was not the intent of the grand jury to charge, the defendant as for a second offense. In order to convict the defendant as for a second offense, it was necessary to allege in the indictment his conviction for a former offense. * * * Our statutory law relative to amendments to indictments provides that an amendment shall not be ordered or permitted 'when it will have the effect of charging the accused with an offense which is different than the offense which was intended to be charged in the indictment as returned by the grand jury.' * * * The court was in error in permitting the amendment and in refusing to strike the same, and in pronouncing judgment against the defendant as for a second offense."

Title 22 O.S.1951 § 410 is virtually of the same effect as the Iowa statute.

Under our Constitution, Art. 2, § 20, the defendant has the right to "be informed of the nature and cause of the accusation against him." The grand jury did that in clear and unmistakable terms in the body of the indictment containing the charge.

■ We are of the opinion, under the foregoing authorities, the attempted amendment if permitted would allow a substituted indictment, in a matter of substance other than that returned by the grand jury. The procedure herein invoked is so palpably erroneous we cannot let it stand uncorrected. To hold otherwise would open the flood gates for tampering with grand jury indictments in matters of substance.

The within conviction of defendant as a second and subsequent offender is accordingly reversed with directions to either try the defendant on the original indictment without the attempted charge of a second and subsequent offender, or to dismiss the indictment and proceed anew as by information on the charge of robbery with firearms, after former convictions of felonies.

It is so ordered.

NIX, P. J., and BUSSEY, J., concur.