Leonard McFARLAND, Petitioner,

v.

The STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13416.

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1963.

508

Leonard McFarland, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Judge.

This is an original action in habeas corpus, instituted by the petitioner Leonard McFarland for the purpose of securing his release from confinement in the State Penitentiary.

The petitioner alleges that he is restrained by reason of a commitment issued by virtue of a judgment and sentence pronounced by the district court of Tulsa County, in case No. 19184 in said county, wherein the petitioner was sentenced to serve twelve years imprisonment in the penitentiary. Petitioner attaches a copy of the information, and also a copy of the judgment and sentence; and has filed a brief in support of his petition.

Accused was charged with the crime of burglary in the second degree, after former conviction of a felony, conjoint. A jury found him guilty, as charged, and fixed his punishment at twelve years imprisonment in the state penitentiary.

Response has been filed by the Attorney General, to which is attached copy of the information, judgment and sentence, the appearance docket in case No. 19184, and a copy of petitioner's prison record, showing this to be his second term in the penitentiary.

As grounds for the issuance of the writ, and for his release from confinement, petitioner sets out two propositions, viz: that "petitioner was forced to trial by the court

with an attorney who was on the verge of being disbarred, and who was disbarred immediately after this trial"; and, second, that the information contained more than one charge.

■ It is fundamental that where a petition for writ of habeas corpus is filed the burden is upon the petitioner to sustain the allegations thereof. Every presumption favors the regularity of the proceedings in the trial court, and in the absence of clear and convincing proof to the contrary, they will be controlling. Ex parte Hall, 91 Okl. Cr. 11, 215 P.2d 587; Ex parte Cartwright, 88 Okl.Cr. 206, 201 P.2d 935; Ex parte Lewis, 92 Okl.Cr. 334, 223 P.2d 143; and cases cited.

■ Petitioner does not state that the attorney representing him at his trial was not of his own choice, and the appearance docket does not show that the attorney was appointed by the court to represent him. However, this question aside, there is no allegation in the petition that the attorney was incompetent, or that he did not represent petitioner adequately. The appearance docket shows that his attorney was present and participated in the selection of the jury, that he was present in court the two days during the trial, and that he was present with petitioner on the date set for sentencing, presented a motion for new trial, which was overruled, and that he gave notice of intention to appeal. There is nothing to indicate that improper representation was the cause of the conviction of the accused. Ex parte Giles, 97 Okl.Cr. 292, 262 P.2d 909.

We are of the opinion that petitioner's first proposition is without merit.

■■ As to petitioner's second proposition, that the information was duplicitous because it charged petitioner with burglary in the second degree, conjoint, after former conviction of a felony; this Court has many times held that the habitual criminal or second and subsequent offense statute, does not create or define a new or different crime, but merely describes circumstances under which one found guilty of a specific crime

may be subjected to greater punishment as a second and subsequent offender. Harris v. State, Okl.Cr., 369 P.2d 187; Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333; Beck v. State, 91 Okl.Cr. 64, 215 P.2d 856, and many other cases. Hence, petitioner's second proposition must fall.

We have read the cases cited in the brief of the petitioner, and do not find any of them to be in point.

For the reasons above set forth, the petition for writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.