George Leon RING, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–711.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1982.

Rehearing Denied Jan. 7, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Lynn Rambo-Jones, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, George Leon Ring, was convicted of Robbery with Firearms and Assault and Battery with a Dangerous Weapon, in Oklahoma County District Court, Case No. CRF–80–5041, and he appeals.

Edwin Hudson, a taxicab driver testified that on December 22, 1980, at about 9:30 P.M. he picked up the appellant near S.E. 35th and Bryant in Oklahoma City. Ring, who had just turned sixteen (16) years of age, pulled a gun and ordered Hudson to Trosper Park, or he would kill him. At the park Ring robbed Hudson, took his cab and ordered him to run down the road. When Hudson did not run, but merely walked, Ring fired a shot and drove off as a police car approached. Hudson quickly told the officer what had happened, and the officer pursued the fleeing taxi.

Officer Michael Haney testified that on the evening in question he had occasion to pursue a taxicab. The chase culminated when he was forced to ram into it in the parking lot of the Old Paris Flea Market. As he approached the disabled cab shots rang out and he was wounded. He kept Ring pinned down until support arrived and his assailant was arrested.

Officer William Cook II stated that he interviewed the appellant, after having read him his Miranda rights, which the appellant said he understood. Ring related to Officer Cook how he had robbed a taxicab driver and been pursued by a police vehicle. Cook testified that Ring had admitted shooting Officer Haney, stating that he thought he hit him on the first shot but kept firing until the gun just made clicking sounds, and then Ring crawled under a vehicle and remained there until other officers surrounded him, at which time he threw his gun out from under the car and surrendered.

In his first, second and third assignments of error, the appellant contends that he was

denied his constitutional right of due process of law, as guaranteed by the Fifth and Fourteenth Amendments, because the trial court failed to certify him as a child, and 10 O.S.1981, § 1104.2 creates a presumption that he was an "adult" in the eyes of the law and shifts the burden to him to prove that he is a child. The issues which the appellant now raise are identical to those raised in the case of *State Ex Rel. Coats v. Rakestraw,* 610 P.2d 256 (Okl.Cr.1980), in which it was held that 10 O.S.1981, § 1104.2 does not create an impermissible presumption, citing *State Ex Rel. Coats v. Johnson,* 597 P.2d 328 (Okl.Cr.1979), and the statutory procedure is not violative of due process of law. The holding in *State Ex Rel. Coats v. Rakestraw,* supra, is dispositive of these assignments of error.

In his fourth and final assignment of error, the appellant argues that 10 O.S.1981, § 1104.2 is unconstitutional as an infringement of his Fourteenth Amendment right to equal protection of the law. This issue was also raised in *State Ex Rel. Coats v. Rakestraw,* supra, and as was held in that case, 10 O.S.1981, § 1104.2, is not unconstitutional, as the classification created by the Legislature bears a rational relationship to an important legislative objective, i.e., protection of the public. See, *State Ex Rel. Coats v. Rakestraw,* supra, which is also dispositive of this issue.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

CORNISH, J., concurs in results.