v.

**STATE of Oklahoma, Appellee.**

No. J–87–785.

Court of Criminal Appeals of Oklahoma.

March 7, 1988.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for appellant.

Dan L. Williamson, Pittsburg County Asst. Dist. Atty., McAlester, for appellee.

**OPINION**

BRETT, Presiding Judge:

G.E.D., a sixteen-year-old appellant, was charged as an adult for the offense of First Degree Burglary in the District Court of Pittsburg County, Case No. F–87–168. Appellant's motion to be certified as a child under Oklahoma's Reverse Certification

Act, 10 O.S.1981, § 1104.2, was denied by the court, and appellant was bound over for trial as an adult. From this ruling, appellant appeals to this Court.

K.H. awoke late at night upon hearing a knocking at her front door. She answered the knock and found a boy later identified as appellant standing there. He asked K.H. to check her water to see if it was working because his family was having trouble with the water at their house. She complied with his request. Upon returning to the door, she observed appellant pushing at it trying to gain entrance. Appellant succeeded in his efforts, and once inside K.H.'s residence, he grabbed her and threw her onto the living room couch. He then jumped on top of her and threatened to cut her throat with a knife he was holding. K.H. calmed appellant down and talked him into leaving. She then called the police who escorted appellant and his mother to the police station for questioning. After being read the *Miranda* rights, appellant admitted to doing what K.H. reported, and both he and his mother signed statements introduced as evidence at the preliminary hearing.

■ For his first proposition of error, appellant contends that the court was without jurisdiction because appellant was not properly charged in the information to be considered an adult. He claims that the information must specifically charge one of the enumerated felonies in 10 O.S.1981, § 1104.2 in order for a sixteen-year-old such as he to be tried as an adult. The caption for the information is entitled "Burglary, First Degree" and appellant asserts that this is not one of the felonies with which a child must be charged in order to fit the exception to the definition of "child". *See* 10 O.S.1981, § 1104.2. He is correct in this assertion; however, the burglary caption is not the only charging language that must be considered. This Court has stated on many occasions that:

> [t]he caption of the cause is placed on the information for convenience, and for the purpose of ready identification, and constitutes no part of the information itself.

*Roberson v. State*, 362 P.2d 1115, 1117 (Okl.Cr.1961). *See also Shiever v. State*, 92 Okl.Cr. 239, 222 P.2d 530, 534 (1950); *Caples v. State*, 3 Okl.Cr. 72, 104 P. 493, 496 (1909). Furthermore, we have held that the character of the offense is not determined by the name given to the crime in the descriptive label, but that it is determined by looking at the charging part of the information. *Shiever v. State*, 92 Okl.Cr. 239, 222 P.2d 530, 534 (1950). *See also Roberson v. State*, 362 P.2d 1115, 1117 (Okl.Cr.1961); *Bristow v. State*, 86 Okl.Cr. 97, 189 P.2d 629, 630 (1948). Thus, the information charged appellant with the offenses alleged in the charging language following the burglary caption.

Under the Oklahoma certification statute, "[a]ny person sixteen (16) or seventeen (17) years of age who is charged with ... use of firearm or other offensive weapon while committing a felony ... shall be considered an adult." *See* 10 O.S.1987 Supp. § 1101(1). *See also* 10 O.S.1981, § 1101(1) (incorporating this language into the definition of "child"). The information charged appellant with breaking and entering a dwelling and "holding an offensive weapon" to K.H.'s throat. In light of these facts, it is clear that the charging language falls within the requirements of Section 1104.2(A). Therefore, appellant was properly certified as an adult and the trial court had proper jurisdiction of the case. This assignment of error is without merit.

■ Appellant contends in his second proposition that the trial court abused its discretion in denying appellant's motion to be certified as a child under the reverse certification statute. Once found to be an "adult" under 10 O.S.1981, § 1104.2(A), a sixteen (16) year-old accused may file a motion to be certified as a child by the trial court. The court is required to consider four guidelines in determining whether such "reverse certification" is warranted. *See* 10 O.S.1981, § 1104.2(C). Appellant was permitted to offer evidence in support of his motion, and the trial court noted in the record how each of the four guidelines were considered.

The first consideration, which incidentally is the most important, is concerned with whether "the alleged offense was committed in an aggressive, violent, premeditated or willful manner." 10 O.S.1981, § 1104.2(C)(1). We find no error in the trial court's determination that the offense was committed in such a manner. Appellant admittedly devised a plan to use in order to gain access to the victim's residence. He also used force in entering the residence, throwing the victim down, and jumping on her. Most significantly, he threatened her with a knife.

Secondly, the court must consider whether the offense was against persons or property. *See* 10 O.S.1981, § 1104.2(C)(2). Greater weight should be given against reverse certification if the offense was against a person, especially when personal injury resulted. *Id.* The court noted that Ms. Hall received very minor injuries, but the fact remains that a person was attacked. We cannot say that the trial court erred in its consideration of this guideline.

The statute also requires a court to consider the "record and past history of the accused person." *See* 10 O.S.1981, § 1104.2(C)(3). Appellant has no known criminal record; however, his mother told police that on at least two occasions, appellant had exhibited similar behavior to that behavior with which he is charged, though the previous acts were not as violent as the offense against K.H. Appellant relies on *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), to argue that only his past criminal record should be considered. In *Burks*, we stated that proof of guilt of other offenses not connected with the offense which one is on trial for may not be used to prove guilt of the charged offense during trial. This general rule has many exceptions. However, resort to the exceptions is unnecessary because appellant's complaint does not fall within the general rule. In the case at bar, the trial court considered the "past history" of appellant which included conduct similar to the offense with which he was charged. The conduct was considered merely to determine if appellant should be certified as a child, and not to determine appellant's guilt or innocence. Therefore, it was proper for the court to consider the previous conduct of appellant, in spite of *Burks*, in its reverse certification determination.

The fourth guideline concerns the "prospects for adequate protection of the public if the accused person is processed through the juvenile system." *See* 10 O.S.1981, § 1104.2(C)(4). We note that extensive testimony was heard in regard to this factor, yet it is the least important one to consider. After hearing all the evidence, the court announced that the prospects for adequate public protection did not exist. However, the court did not explain the basis for this finding. We again find no abuse of discretion. The statute clearly states that a trial court need not detail responses to each of the considerations as long as they are each noted in the determination. *See* 10 O.S. 1981, § 1104.2(C).

On appeal, the trial court's ruling will not be disturbed absent an abuse of discretion. *Trolinger v. State*, 736 P.2d 168 (Okl. Cr.1987). After careful review of the record, we find that the trial court applied and followed the reverse certification statute properly and did not abuse its discretion in denying appellant's motion to be certified as a child. The assignment of error is without merit.

■ Appellant contends in his third assignment of error that the reverse certification statute violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution because the burden of proof is shifted to the juvenile. He asks this Court to reconsider its holding in *State ex rel Coats v. Rakestraw*, 610 P.2d 256 (Okl.Cr.1980), in which we decided that the statutory procedure for reverse certification is not violative of due process of law. We note that this specific issue was again addressed in *Ring v. State*, 654 P.2d 1085 (Okl.Cr.1982), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). In *Ring*, this Court affirmed *Rakestraw* and we again so affirm. The assignment of error is without merit.

■ As his final proposition, appellant contends that the statements made by him

to police officers were improperly gathered and inadmissible. Both he and his mother indicated that they understood the *Miranda* rights read to them and that they were willing to cooperate by answering the officers' questions. The State has the burden to "show that both the youth and parent intelligently received knowledge of their rights and, knowing those rights, waived them." *J.A.M. v. State*, 598 P.2d 1207, 1209 (Okl.Cr.1979). The trial court found that the waiver in this case was competent, and we believe that the record supports this finding. The assignment of error is without merit.

For the foregoing reasons, the order appealed from is AFFIRMED.

BUSSEY and PARKS, JJ., concur.