**Stephen Neal ARMER, a/k/a Tony Armer, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–89–161.**

Court of Criminal Appeals of Oklahoma.

May 16, 1989.

As Corrected May 19, 1989.

Joe L. Jackson, Ray Don Jackson and Laurie E. Hays, Wright, Jackson & Jackson, Woodward, for appellant.

Tom Gruber, Dist. Atty. by Carl K. Hart, Asst. Dist. Atty., Woodward, for appellee.

## OPINION

LANE, Judge:

The sixteen year old Appellant was charged by Information in the District Court of Woodward County, Case No. CRF–88–165, with the index offense of Rape in the First Degree as designated in 10 O.S.Supp.1988, § 1104.2. Between the filing of the Information and the Preliminary Examination, Appellant filed a Motion to be Certified to the Juvenile Division of the Court for further proceedings. A Preliminary Examination was held and at the close of that hearing the court received evidence on the Appellant's Motion for Certification. After a continuation to a later date for the purpose of securing more testimony, the court rejected Appellant's Motion to be Certified to the Juvenile Division and then found that the crime of Rape in the First Degree had been committed and that it was reasonable to believe that the Appellant committed the crime. The trial court then bound Appellant over for arraignment on the felony docket of the District Court. Since this appeal only involves the failure of the trial court to certify Appellant to the Juvenile Division we find that it is unnecessary to detail the facts presented at the Preliminary Examination other than those which directly relate to the certification proceeding.

In Appellant's first proposition of error he asserts that the trial court erred in certifying him to stand trial as an adult because the evidence reflected that he was amenable to rehabilitation. Doctor Hall, a Clinical Psychologist, testified that he had examined Appellant and in his opinion, Appellant would benefit from psychological treatment. Hall further testified that if the Appellant were to undergo treatment for up to four (4) years there was a possibility of at most forty percent (40%) that he would be rehabilitated. The doctor also stated that he did not believe that incarcerating Appellant in the system of the Department of Corrections would be of any benefit to the Appellant. He explained that there was no possibility that Appellant's borderline personality with explosive tendencies could be cured by incarceration because the Department of Corrections did not have a treatment program available for people with needs such as Appellant's. It was Dr. Hall's opinion that society would be afforded more protection by attempting to treat Appellant within the juvenile system.

Appellant called another witness, Mondee Mondragon, who testified that she was on an evaluation team at the Phil Smalley Center which evaluated Appellant as a result of a court order issued in a prior proceeding. Her testimony indicated that even though Appellant was not a child in need of treatment at the time of the evaluation, he did exhibit a hostile, aggressive and sexually inappropriate behavior pattern. She further testified that Appellant might benefit from treatment.

Rehabilitative potential notwithstanding, all the psychological testimony indicated that Appellant's behavioral patterns were such that he would constitute a danger to society if he were not maintained in a structured environment.

We would first note that 10 O.S.Supp. 1988, § 1104.2(C) does not include the element of the amenability to treatment by the juvenile system as one of the criteria for the court to consider in a hearing to remand one of the index crimes to the juvenile division. *See Coats v. Rakestraw,* 610 P.2d 256 (Okl.Cr.1980). Therefore, this evidence is only material to a proceeding of this kind when, as the Appellant presented here, the evidence may tend to indicate that

society would be better protected if Appellant's problems were cured by proper treatment. In the present case, the evidence indicated that the alleged rape was perpetrated upon a fourteen year old victim and accomplished by means of force and violence. The evidence further indicated that Appellant had had prior contacts with the juvenile system, some of which involved inappropriate sexual and violent behavior.

When all of the evidence concerning rehabilitation is considered we cannot say that the trial court abused its discretion when the judge found that protecting society would not be accomplished by remanding Appellant to the Juvenile Division.

■ For his second proposition of error Appellant asserts that the trial court erred in taking judicial notice of contacts with law enforcement agencies and juvenile and criminal courts. The evidence at the certification hearing indicated that the Appellant had three (3) prior contacts with the juvenile system. The first contact involved vandalism to some old vehicles that were in a field. The evidence presented indicated that this charge resulted in an administrative deferred prosecution which was subsequently dismissed without a Petition having been filed. The second contact with the juvenile system occurred when Appellant was thirteen years old and his mother filed a Petition in Juvenile Court alleging that Appellant was a child in need of treatment. The Petition stated that Appellant made sexual advances to his mother and also threatened her with a knife. It was this proceeding that resulted in Appellant's referral to the Phil Smalley Center for psychological evaluation. Not long after receiving the report from Phil Smalley, the Petition to Declare the Appellant a Child in Need of Treatment was dismissed without an adjudication. The third contact with the juvenile system involved a young girl who indicated that she had been raped by Appellant. In the hearing on the present motion, this girl testified that she submitted to sexual intercourse with Appellant because of fear generated by him. She later told the authorities that she had consented to the sexual intercourse, but in the instant trial she claimed that she recanted because she was afraid of what Appellant might do to her. As a result of this intake, Appellant was once again placed on deferred prosecution for approximately three (3) months and again the file was closed without a Petition having been filed.

Appellant points out that in none of these instances was he ever adjudicated to be a delinquent or a child in need of supervision, nor was he ever convicted of any criminal acts. Therefore, he contends that these contacts with the juvenile authorities should not be considered by the trial court in determining the issue of certification. Title 10 O.S.Supp.1988, § 1104.2(C)(3) states:

> The record and past history of the accused person, *including previous contacts with law enforcement agencies and juvenile or criminal courts,* prior periods of probation and commitments to juvenile institutions ... (emphasis added)

will be considered by the court. It will be noted that the above statute specifically authorizes the evidence that is complained of here, and it is authorized for the purpose of aiding and guiding the court in reaching a decision upon certification. Therefore, the evidence is not subject to the usual rules that only convictions may be introduced. *See G.E.D. v. State,* 751 P.2d 755, 757 (Okl.Cr.1988). We therefore find that this allegation of error should be denied.

■ Appellant's third proposition claims that the trial court erred by rejecting evidence of his social and family background. We first note that Appellant's brief does not point out any incidences where this type of evidence was rejected by the court. In fact, in his brief, Appellant recognizes that testimony was allowed which showed that he had lived in four different homes at different times in his life, one of those homes being a house of prostitution. The brief also points to testimony of Dr. Hall wherein he elaborated on the Appellant's background and from this background concluded that it was a causal factor in the Appellant's problems. We must agree with the State's claim that this type of evidence

was actually received by the court and none was rejected.

From an overall examination of the record we find that the trial court was correct when it found the offense was committed in an aggressive, violent and premeditated manner; the offense was against a person, with personal injury resulting; the record and past history of the accused indicates that there have been previous criminal contacts with the courts and the juvenile system, and that those contacts have been unfruitful; and the juvenile system offers virtually no hope of protecting the public if the accused is processed through the juvenile court.

We therefore affirm the trial court's decision not to certify Appellant to be tried by the Juvenile Division of the District Court.

BRETT, P.J., PARKS, V.P.J., and BUSSEY and LUMPKIN, JJ., concur.