tence. The Court further stated that appellate courts are not hindered in performing this function without written jury findings concerning mitigating circumstances.

STATE of Oklahoma, Appellant,

v.

L.D.D., N.D.E., Appellees.

No. S–92–594.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1993.

## ACCELERATED DOCKET ORDER

Appellees, L.D.D. and N.D.E., were sixteen and seventeen years of age, respectively, when they were each charged with one felony count of Attempted Robbery with a Firearm, on April 28, 1992. The State sought to have the appellees treated as adults under the reverse certification statute, 10 O.S.Supp.1992, § 1104.2. On June 1, 1992, in a hearing before Magistrate Robert Perugino, the appellees' motion to dismiss was sustained and the case was ordered transferred to juvenile court after the magistrate found that attempted robbery was not one of the enumerated offenses under section 1104.2. The State appealed on June 19, 1992, and the magistrate's ruling was upheld in the district court by the Honorable Joe Jennings.

The State appealed these rulings to this Court and the appeal was assigned to the Accelerated Docket pursuant to Rule 11.5 of the *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1990, Ch. 18, App. On January 21, 1993, this Court heard oral argument on the matter.

■ At oral argument the State alleged the district judge erred when he ruled that Attempted Robbery With a Firearm is not one of the enumerated crimes under 10 O.S.Supp.1992, § 1104.2. This Court noted that the language in section 1104.2 defining the enumerated offenses under which a sixteen or seventeen year old person may automatically be considered as an adult does not include attempted crimes. Had the legislature so intended, they could easily have included this language. This Court must assume that this omission by the legislature was intentional and we will not construe the statutory language otherwise. *See State v. Humphrey*, 620 P.2d 408 (Okl. Cr.1980).

■ The State also alleged that the district judge erred in ruling that the charge of Attempted Robbery With a Firearm did not fall within the purview of the language in section 1104.2 which allows a person sixteen or seventeen years of age to be considered as an adult when they are charged with "use of a firearm or other offensive weapon while committing a felony." We note that this language is not merely descriptive of criminal activity, but refers to a specific criminal charge. *See* 21 O.S.1981, § 1287. Because the charging language in the information does not indicate that the appellees were alternatively charged with this specific crime, it could not be used to certify them as adults under the reverse certification statute. *See G.E.D. v. State*, 751 P.2d 755 (Okl.Cr.1988).

While the magistrate and district judge ruled appropriately that appellees could not automatically be considered as adults under the reverse certification statute after having been charged with Attempted Robbery With a Firearm, nothing precludes the State from seeking to have the appellees certified as adults through the certification procedure provided in 10 O.S.1981, § 1112(b).

IT IS THEREFORE THE ORDER OF THIS COURT, by a four (4) to zero (0) vote, that the order of the district court should be AFFIRMED.

IT IS SO ORDERED.

/s/ <u>Gary L. Lumpkin</u>
GARY L. LUMPKIN,
PRESIDING JUDGE

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
VICE–PRESIDING JUDGE

/s/ James F. Lane
JAMES F. LANE,
JUDGE

/s/ Charles S. Chapel
CHARLES CHAPEL,
JUDGE