179 So. 67

**STATE v. DENT.**

No. 34702.

Feb. 7, 1938.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Frank W. Hawthorne, Dist. Atty., and George W. Lester, Asst. Dist. Atty., both of Monroe, for the State.

James H. Trousdale, Jr., of Monroe, for appellee.

ROGERS, Justice.

The grand jury of the parish of Ouachita returned a true bill against Ed Dent, charging that he " * * * did then and there wilfully, unlawfully and feloniously *assault* one Douglas Wood with a dangerous weapon, to-wit: an iron pipe, with intent to murder him, the said Douglas Wood, * * *." (Writer's italics.)

When the case was called for trial, the defendant, through his attorney, filed a motion to quash the indictment on the ground that it did not state a crime in accordance with the laws of Louisiana. The state, through the district attorney, then asked leave of court to amend the indictment by substituting the word "strike" for the word "assault," so as to make the indictment as amended read as follows, viz.: " * * * did then and there wilfully, unlawfully and feloniously *strike* one Douglas Wood with a dangerous weapon, to-wit, an iron pipe, with intent to murder him, the said Douglas Wood, * * *." (Writer's italics.)

The trial judge, over defendant's objection, permitted the district attorney to amend the indictment. Whereupon, defendant requested a continuance of the case, which was granted by the trial judge.

When the case was called for trial on the amended indictment before another district judge, defendant, through his attorney, filed another motion to quash based on the following grounds, viz.:

"That the indictment which was served on defendant and under which the District Attorney seeks to have defendant tried, is not the indictment which was returned by the Grand Jury in 1935; that the Grand Jury returned an indictment of an entirely different crime than that which is set out in the indictment referred to herein and which has been served on defendant."

After hearing argument of the parties, the trial judge sustained the motion and quashed the indictment. The state has appealed.

The trial judge assigned the following reasons for sustaining the motion to quash, viz.:

"The original indictment returned by the Grand Jury clearly was an indictment under Revised Statutes, § 792, as amended by Act. No. 59 of 1896, § 1, as amended by Act No. 9 of 1912, § 1, to-wit: the crime of assault with intent to murder. The allegation in the indictment that the assault with intent to murder was made with a dangerous weapon, to-wit: an iron pipe, had no bearing in fixing the essential elements of the crime set forth in the indictment, which charged the crime, to-wit: 'Assault with intent to murder'; and, as stated, a violation of section 792 of the Revised Statutes, as amended by Act No. 59 of 1896, § 1, and Act No. 9 of 1912, § 1.

"Section 791 of the Revised Statutes and Act No. 43 of 1890, § 1, makes it a crime to 'shoot [or] strike * * * with a dangerous weapon with intent to commit murder.' This is an entirely different crime, carrying a different penalty from the crime denounced in section 792 of the Revised Statutes, and the verdicts which are responsive are entirely different. In one case, under section 791, the verdict of striking with intent to kill is responsive, which is a felony; while under section 792, the verdict responsive, outside of the assault with intent to murder, would be assault with intent to kill, which is a mere misdemeanor. As stated, assault with intent to murder, and striking with intent to murder, are two separate crimes under Louisiana law, and a verdict to strike with intent to murder would not be responsive to an indictment of assault with intent to murder. This is clear from the jurisprudence. Therefore, the Court holds that the State cannot amend the indictment by changing the word 'assault' to the word 'strike', as to do so would be to charge this defendant with an entirely different crime from that which he was indicted for by the Grand Jury..

"For the reasons herein set out, the Court sustains the motion to quash, as clearly it would not be proper to allow this defendant to go to trial on an amended indictment which would allow him to be convicted of a crime entirely distinct from the one on which he was indicted."

■ We see no error in the ruling.

Section 791 of the Revised Statutes, as amended by Act No. 43 of 1890, § 1, reads as follows, viz.:

"Whoever shall shoot, stab, cut, strike, or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned in the preceding section" (while lying in wait, or committing or attempting to commit certain other crimes) "shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty one years."

Section 792 of the Revised Statutes, as amended by Act No. 59 of 1896, § 1, and Act No. 9 of 1912, § 1, is in the following words, viz.:

"Whoever shall assault another by wilfully shooting at him or with intent to commit murder, rape or robbery shall on conviction thereof be imprisoned with or without hard labor not more than twenty years."

The original indictment, when read in connection with the two sections of the Revised Statutes, plainly shows that the indictment was framed under section 792, as amended by Act No. 59 of 1896, § 1, and Act No. 9 of 1912, § 1, and not under section 791, as amended by Act. No. 43 of 1890, § 1.

■ The charge is in the language of section 792, as amended, viz.: "assault * * * with intent to commit murder." The fact that the indictment also sets forth the character and name of the instrument with which the assault was committed is unimportant, as those allegations

are not necessarily required by the statute. They might have been stricken from the indictment as mere surplusage.

As amended by substituting the word "strike" for the word "assault," the charge in the indictment falls under section 791, as amended by Act No. 43 of 1890, § 1, which makes it a crime to "strike * * with a dangerous weapon with intent to commit murder," and not under section 792, as amended by Act No. 59 of 1896, § 1, and Act No. 9 of 1912, § 1.

The crime denounced in section 791, as amended, is an entirely different crime, carrying a severer penalty, from the crime denounced in section 792, as amended, and the responsive verdicts are wholly dissimilar.

■ As the indictment as amended by the district attorney is, in effect, a substituted indictment, charging a graver crime, with a heavier penalty, for the original indictment returned by the grand jury, the amendment ought not to have been allowed. State v. Cavanaugh, 52 La.Ann. 1251, 1252, 27 So. 704.

■ Although article 253 of the Code of Criminal Procedure authorizes the court where there is a defect in an indictment, either of form or substance, to permit its amendment, the amendment contemplated by the codal article is not such an amendment as will make the indictment charge a graver crime, with a heavier penalty, than the crime presented by the grand jury.

For the reasons assigned, the judgment appealed from is affirmed.