WATSON, Justice.
Defendant, Tyronne Armstead, pled guilty to violation of LSA — R.S. 40:967 (possession of cocaine); LSA — R.S. 40:969 (possession of diazepam); and LSA — R.S. 14:95.1 (possession of a firearm by a convicted felon). On the firearm charge, Arm-stead was sentenced to 10 years, suspended, and active probation for five years. As a multiple drug offender, he was ordered to serve five years, suspended, and inactive probation for five years. As a special condition of probation, Armstead was given one year in parish prison. Defendant Arm-stead reserved the right of appeal from an adverse ruling on his motion to suppress evidence. The only issue is whether the trial court erred in denying defendant’s motion to suppress the evidence seized at a police search of his residence on December 7, 1977.
A warrant for the search of “Tyrone’s” residence at 1645 Tita Street in Algiers was issued on November 4, 1977, based on an affidavit by Officer David Peralta of the New Orleans Police Department. That warrant was never executed. The information in the November 4 affidavit and some additional facts were incorporated into another affidavit on December 7. A warrant was issued on December 7, which was executed the same day. Defendant contends that the use of the November information to obtain the December warrant was a circumvention of LSA — C.Cr.P. art. 163, which forbids execution of a warrant 10 days after it is issued, and that the information used to obtain the December 7 warrant was stale. It is also argued that the facts in the affidavit do not establish probable cause to believe that any illegal activity or contraband was present on the Armstead premises.
Since the December 7 warrant was executed on the same day there was no violation of the letter of LSA — C.Cr.P. art. 163. The purpose of the 10 day limitation is “. . .to prevent the information supporting probable cause from becoming stale.” State v. White, 368 So.2d 1000 at 1002 (La., 1979). Redating a warrant does not extend the factual basis upon which it rests. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). Thus, a second warrant, issued after a ten day period voids the first, cannot rely solely on an affidavit pertinent to an earlier time frame. Sgro, supra, 287 U.S. 211, 53 S.Ct. 140. However, when later observation updates and confirms the initial information, the two can be considered together as a basis for a warrant. Sgro, supra, 287 U.S. 211, 53 S.Ct. 140; State v. Chaffin, 324 So.2d 369 (La., 1976), cert. denied 426 U.S. 907, 96 S.Ct. 2228, 48 L.Ed.2d 832 (1976). The criterion is not the number of days that have passed but the existence of probable cause when the warrant is issued. State v. Flood, 301 So.2d 637 (La., 1974), cert. denied 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975); Art. 1, § 5, Louisiana Constitution 1974.
The initial affidavit of November 4, identical to the first page of the December affidavit, recites that Narcotics Officer David Peralta met with a reliable, confidential informant whose information had previously led to the arrest and convictions of persons engaged in the illegal distribution of narcotics. Peralta was advised by the informant that one “Tyrone” had a quantity of white powder which he represented to be cocaine in his residence at 1645 Tita Street and a large amount of marijuana in a shed in the back yard. The informant observed several purchases of the marijuana and the white powder from Tyronne. Peralta later surveyed the residence and *243 observed what appeared to be a sale at approximately 3:26 P.M. and also what appeared to be a sale at approximately 3:40 P.M. The police computer then confirmed that 1645 Tita Street was occupied by Tyr-onne Armstead and that Armstead was on probation for distribution of cocaine.
Additional material dated December 7 was later added to the affidavit. It recited that Officer Peralta was contacted by the same informant on December 6. Tyronne was said to be expecting a shipment at his home that night and Peralta asked Officers O’Neal and Beaudoin to set up a surveillance of the residence. One commenced at 6:30 P.M. that evening. A man inside periodically peeked through the blinds and appeared to be expecting a visitor. The two officers observed a brown paper bag handed to the occupant at 8:05 P.M. by a man in a white Chevrolet. The two remained in the house until 8:11 when the visitor left. Then, at 8:15, a taxi brought another man to the house who made what appeared to be a transaction with the occupant and left. The driver of the white Chevrolet returned at 8:25 P.M. and entered the house where he and the occupant were observed in a lighted room. When a second party arrived in a taxi, the Chevrolet driver left the room and the other man was admitted to the house. The two officers departed at 8:45 P.M.
The affiants, Officers Peralta, O’Neal and Beaudoin, attested that they believed marijuana and cocaine were being kept at the residence at 1645 Tita Street. Based on this affidavit, of December 7, a magistrate found probable cause to issue a warrant for the search of the residence for controlled dangerous substances, particularly marijuana and cocaine. While the activity reported on December 6 is, in and of itself, consistent with noncriminal behavior, it must be considered in the context of the prior drug sales. The surveillance on December 6 gave reasonable ground to believe that the drug activity previously reported was continuing. The entirety of the information established probable cause to expect illegal drugs to be found at Tyronne Arm-stead s residence, and the trial court correctly denied the motion to suppress the evidence.
The conviction and sentence of defendant are affirmed.
AFFIRMED.
DENNIS, J., dissents with reasons.