434 So.2d 1308 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Austin B. WISE, Defendant-Appellant.
No. CR 82-695.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
*1309 Alvin B. King, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., and Charles Richard, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
*1310 Before STOKER, DOUCET and KNOLL, JJ.
KNOLL, Judge.
The defendant, Austin B. Wise, was charged by bill of information with three counts of possession of firearms which had not been registered or transferred. LSA-R.S. 40:1785. The defendant waived his right to a jury trial and elected to be tried by judge. The trial judge found the defendant guilty on count one and not guilty on count two; the State entered a nolle prosequi on the third count. The trial court sentenced the defendant to 2½ years with the Louisiana Department of Corrections and imposed a fine of $1,000 plus costs; in default of payment of the fine, he was to serve an additional 6 months in the Calcasieu Parish Jail.
The defendant has appealed alleging seven assignments of error by the trial court:
1. In denying the defendant's motion to suppress all evidence seized as a result of the search warrant for lack of probable cause;
2. In denying the defendant's motion to suppress all evidence seized on the grounds of failure to follow the mandate of LSA-C.Cr.P. Art. 166 and the Louisiana and Federal Constitutions by failing to timely leave a receipt;
3. In denying the defendant's motion for acquittal;
4. In granting the State's motion to reopen its case after it had rested;
5. In denying the defendant's request for a continuance (recess) after allowing the State to reopen its case;
6. In denying the defendant's motions for mistrial; and
7. In finding the defendant guilty.

FACTS
Following a lengthy undercover investigation of illegal drug activity in the Vinton area, the Calcasieu Parish Sheriff's Office obtained a search warrant on January 19, 1981, to search the residence of Austin Wise and his daughter, Tammy Wise. The warrant authorized a search for a quantity of methamphetamine, a Schedule II controlled dangerous substance, and other drug paraphernalia used in selling drugs. The search was conducted on the same day that the warrant was issued at approximately 8:00 p.m.
The defendant was arrested immediately by the officers upon their entrance into the house pursuant to a warrant for his arrest. At the time of the execution of the search warrant the defendant, his daughter, and mother, and an infant were present. The search yielded a twelve gauge shotgun with a fifteen inch barrel located in the defendant's bedroom; other weapons and illegal substances were found in other parts of the house.
Prior to the State opening its case, the defendant filed a motion to suppress all items seized pursuant to the search warrant. He contended that the search warrant lacked probable cause because of the lapse of time between the narcotics sale (October 13, 1980) and the date of the warrant (January 19, 1981). The trial court found probable cause for the issuance of the warrant existed and denied the motion.
During the course of the trial the defendant filed a second motion to suppress alleging that the police officers had failed to follow the mandates of LSA-C.Cr.P. Art. 166 and the federal and state constitutions. He contended that his rights had been violated because two days elapsed before he was given a receipt for the seized items. The trial court denied the motion.
After the State rested its case in chief, the defendant moved for an acquittal. The defendant contended that the State failed to prove that he had actual or constructive possession of an illegal weapon. The trial court denied the motion.
Before the defendant presented his case, he requested a recess to examine the serviceability of the shotgun. Subsequent to the recess the court allowed the State to reopen its case before the defendant commenced his presentation. The defendant objected to the reopening of the State's case alleging that he would be prejudiced. The court overruled the objection. The defendant then requested a continuance which *1311 was also denied. The State presented photographs of the house and recalled two officers to show where the guns were found in the house. The State also called a firearm instructor who had accompanied defense counsel to check the serviceability of the gun.
After the State finally rested its case the defendant again requested a continuance. The trial court denied the request but granted a fifteen minute recess. After the recess the defendant moved for a mistrial on the grounds of prejudice and that the reopening of the State's case was a legal defect. The motion for a mistrial was denied.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant alleges that the trial judge lacked probable cause for the issuance of the search warrant on the grounds that the information contained in the affidavit was stale.
LSA-C.Cr.P. Art. 162 provides that a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. State v. Johnson, 408 So.2d 1280 (La.1982). Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Boksham, 370 So.2d 491 (La.1979).
The term probable cause implies that the magistrate and the officers seeking the magistrate's approval for the search are dealing in probabilities. State v. Ogden, 391 So.2d 434 (La.1980). These are not technical; they are factual and practical considerations of everyday life upon which reasonable and prudent men, not technicians, act. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). A magistrate's determination of probable cause should be accorded great deference by a reviewing court and the reviewing court should merely determine whether there was substantial basis for the magistrate's determination. Ogden, supra.
In determining whether there is probable cause for the issuance of a search warrant a reasonable belief must exist that the contraband or evidence will not be disposed of but will remain at the place to be searched at the time of the proposed search. State v. Boneventure, 374 So.2d 1238 (La. 1979); State v. Bruno, 427 So.2d 1174 (La. 1983). In Ogden, supra the court stated:

"As to the issue of whether the passage of time rendered the facts supporting probable cause so attenuated as to defeat the inference that the objects sought may still be found on the premises, that determination depends on the facts and circumstances of each case. State v. Gilbert, 354 So.2d 508 (La.1978); State v. Thompson, 354 So.2d 513 (La.1978). Whether an object from its nature can be expected to be retained on the premises and whether the evidence indicates that the course of conduct is continuing are important factors to consider. See State v. Gilbert, above; State v. Loehr, 355 So.2d 925 (La.1978); State v. Armstead, 385 So.2d 241 (La.1980)."

In the present case the affidavit clearly establishes probable cause to believe that the evidence or contraband observed by the narcotic agent at the defendant's residence was not disposed of but remained there until the issuance of the warrant. The affidavit reflects that the affiant informed the magistrate of the lapse of time from the first buy to the issuance of the warrant, and, that the ongoing investigation prevented him from obtaining a warrant sooner. The affiant specifically updates and reinforces the agent's belief that the contraband was still present and that the defendant was still in the business of selling CDS. In pertinent part, the affidavit reads:
"An undercover drug investigation was began in July, 1980 in the Vinton, Louisiana area based on information received from citizens in the area that Austin Wise and his daughter were selling drugs. *1312 On October 10, 1980, an undercover agent purchased 3 grams of Methamphetamine for the price of $50.00 from Tammy Wise. On October 13, 1980, the agent was at the residence of Austin and Tammy Wise and he purchased a small triangular package of Methamphetamine for the price of $90.00 from Austin Wise. During the purchase Austin Wise removed the small triangular package from a larger bag containing large quantities of small triangular packages.
Two individuals after the purchase on October 13, advised the agents that they purchased drugs from Austin and Tammy Wise.
Austin and Tammy Wise informed the agents that they sell drugs from their home on a regular basis. Austin also told the agent that he had an automatic weapon and he would use it if any attempts were made to arrest him.
The agent was under close surveillance during the buys. He was searched by sheriff deputies before and after the purchases.
This was an ongoing investigation and the affiants were unable at the time of the buys to secure a search warrant because they feared revealing the identity of the undercover agent before completion of the investigation. The affiant observed persons who had previously been arrested for drugs go into the residence.
On January 19, 1981, the agent went to the residence and Austin Wise's mother informed them that he was sleeping. She stated that she did not know whether Austin had any drugs, to come back later."
The information contained in the affidavit provided a reasonable basis for the inference that the defendant generally had an amount of drugs sufficient for commercial distribution and not merely for personal consumption; it further shows that there were continuous drug transactions at the residence and that a continuing supply of drugs would be available. The search warrant was issued ninety-eight days after the last purchase by the agent. Because of the large quantity of drugs present and other information contained in the affidavit, the last purchase was not so far removed in time as to defeat the inference that a supply of illegal substances would still be on hand. At the last purchase the defendant advised the agent that he sold drugs at this residence on a regular basis. When the agent went to the residence on January 19, 1981, the date the warrant was issued, the import of the agent's conversation with the defendant's mother was that the defendant was still selling drugs.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error the defendant alleges that the trial judge erred in denying the defendant's motion to suppress all evidence seized because he was not given a receipt immediately after the search and seizure. He contends this was in violation of LSA-C.Cr.P. Art. 166 and the Louisiana and Federal Constitutions. The defendant was not given a receipt until two days after the seizure.
LSA-C.Cr.P. Art. 166 provides in pertinent part:

"When a peace officer seizes property under a warrant he shall give a receipt to the person from whom the property is taken, describing the property in detail...."

LSA-C.Cr.P. Art. 166 provides no time limit within which the peace officer must provide a receipt and it does not provide any constitutional protections. State v. Square, 257 La. 743, 244 So.2d 200 (La.1971). This had no prejudicial effects on the defendant's case. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
The defendant contends that the State failed to prove that he was in actual or constructive possession of the illegal shotgun. He alleges that he was arrested immediately when the officers entered the house; and, the State failed to prove that the house was owned by him or that he *1313 occupied the back bedroom where the illegal shotgun was found.
LSA-R.S. 40:1785 does not make actual possession a necessary element of the offense. Proof by circumstantial evidence of constructive possession of an illegal firearm satisfies the statute. LSA-R.S. 15:438 defines circumstantial evidence. It provides:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Constructive possession of contraband requires more than mere presence in or proximity to the area where the contraband is discovered. Dominion over the illegal substance must be proven. State v. Johnson, 404 So.2d 239 (La.1981); see also State v. Cann, 319 So.2d 396 (La.1975).
The residence where the defendant was living contained three bedrooms and was occupied by three adults and an infant. When the officers entered the house, the defendant's mother was sleeping in the front bedroom and Tammy Wise was occupying the middle bedroom. The search was started in the back bedroom where the illegal shotgun was found. The bedroom contained a man's wardrobe of clothes, several bottles of pills with defendant's name on them and several letters addressed to him. The defendant was the only male that resided in the house. When the officers seized the shotgun from the back bedroom the defendant warned them to be careful when they attempted to unload the gun because it had a "hair-trigger" and might discharge.
The circumstantial evidence in the present case would allow a rational trier of fact to conclude beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. This case is very similar to State v. Mose, 412 So.2d 584 (La.1982) where the defendant was convicted of possessing illegal weapons on circumstantial evidence.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
The defendant contends that the trial court committed error in allowing the State to reopen its case after the State had rested and after arguments on the motion for acquittal. He alleges that this was prejudicial, denied him a fair trial, and constituted a legal defect.
Under "Normal order of trial" LSA-C. Cr.P. Art. 765(5) provides:
"(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;"
Argument in section five above means closing argument and not arguments on motion.
After the State rested, the defendant moved for an acquittal and submitted the motion on oral argument. The motion and argument were presented to the court before the defendant commenced his defense. After the motion and argument, the State moved to reopen its case to present additional evidence which the court granted. There is no legal prohibition against the State from reopening its case to submit additional additional evidence as long as it is before closing arguments. C.Cr.P. Art. 765(5); State v. Bonanno, 373 So.2d 1284 (La.1979). The trial court's decision to allow additional evidence will not be disturbed where it does not prejudice the defendant. There is no evidence that the defendant was prejudiced by the State reopening its case prior to closing arguments.
The defendant also assigns this error as part of assignment of error number six, contending that it is a legal defect in the proceedings. For the reasons stated above this argument lacks merit.

ASSIGNMENT OF ERROR NUMBER FIVE
The defendant contends that the trial court erred in denying his oral motion for a continuance (recess) after allowing the State to reopen its case.
*1314 The granting of a recess is a matter within the sound discretion of the trial judge and will not be reversed in the absence of a showing of an abuse of discretion. State v. Telford, 384 So.2d 347 (La. 1980); State v. Jones, 412 So.2d 1051 (La. 1982). Where the defendant did not show a compelling reason for granting a recess at the time the motion was made, it cannot be said the trial court abused its discretion by refusing a recess. State v. Richmond, 284 So.2d 317 (La.1973).
There was no evidence that the defendant was prejudiced by a denial of his request for a recess. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SIX
The defendant moved for a mistrial on the grounds that the trial judge made prejudicial remarks. LSA-C.Cr.P. Art. 770 provides when a mistrial should be granted:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
The comment of the trial judge was made in response to defense counsel's remark:
DEFENSE COUNSEL: "Your Honor, it is true, because my client ... the very first thing I asked my client, was did he give any statements and he said he did not give any statements.
BY THE COURT: Well, he didn't tell you the truth."
The judge's comment in no way falls within C.Cr.P. Art. 770. Further, Article 770 refers to a remark or comment "made within the hearing of the jury". This was a bench trial. The record reflects that the defense counsel failed to object, nor did he move for a mistrial. The absence of a timely objection or a motion for a mistrial constitutes a waiver. State v. Jones, 381 So.2d 416 (La.1980).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SEVEN
The defendant contends further that the State's evidence was all circumstantial and it did not prove him guilty. We find the circumstantial evidence offered by the State excludes every reasonable hypothesis of defendant's innocence. The State offered convincing evidence which showed the defendant had constructive control of the illegal shotgun and that the gun was serviceable.
This assignment of error is without merit.

DECREE
For all the foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.