DOUCET; Judge.
On July 12, 1981, the defendant, Gary Alan Harper was arrested and charged by bill of information, with manufacture of marijuana with intent to distribute, in violation of La.R.S. 40:966(A), illegal possession of marijuana in violation of La.R.S. 40:966(C), and possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1.
For several months prior to the defendant’s arrest the Natchitoches Parish Sheriff’s Department had received information from an unidentified source, indicating that the defendant was cultivating marijuana near his residence. On July 7, 1981, Deputy Luther Lee received a phone call, again from an unidentified source, giving the location of three patches of marijuana. The following day, Deputy Lee discovered that Deputy Davies of Winn Parish had received the same tip. The owner of the land on which defendant resided, Mr. Joe Williams, testified at the motion to suppress, that since 1967 he had taken the position that the Sheriff’s Office was free to search his property at any time it was felt to be necessary. He further stated that he had reconfirmed that permission whenever asked. On July 12, 1982, Deputy Lee and Louisiana State Trooper Jett searched the property. After discovering three patches of marijuana, at the locations indicated in the tip, the officers returned to the Sheriff’s Office. They notified the landowner, Mr. Williams, of their findings and requested written permission to search, which was granted. A search warrant was signed on July 12, 1982 by Judge W. Peyton Coving-ton, Jr., which provided for a search of the entire property, approximately 115 acres, including the house in which the defendant resided. Pursuant to the warrant the officers seized the marijuana plants. They went to the house and finding no one at home, they entered an unlocked window and searched the residence. The officers located and seized contraband, drug paraphernalia, and weapons. Upon leaving, the officers left a copy of the search warrant at the house. The defendant was subsequently arrested. A motion to suppress all evidence seized in the defendant’s home and in the wooded area surrounding the defendant’s house was denied.
On July 20, 1983, defendant pled guilty to the charge of manufacture of marijuana with intent to distribute, reserving his right to appeal the denial of the Motion to Suppress. The State' dismissed the other two charges. The defendant now appeals the denial of the Motion to Suppress.
The defendant alleges that the initial warrantless search of the woods surrounding the residence of the defendant was invalid in the absence of a valid consent or exigent circumstances.
Both the United States and the Louisiana Constitutions afford protections against unreasonable searches and seizures by requiring that the police obtain a warrant before they conduct a search or seizure. It is well settled, however, that this protection may be waived and a warrant-less search conducted pursuant to a valid consent.
"... Consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). This common authority stems not so much from one’s property interest, ‘... but rests rather on mutual use of the property by persons generally having joint access or control *1032 for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.’ Matlock, supra, 94 S.Ct. at 993, fn. 7.” State v. Bodley, 394 So.2d 584 (La.1981).
The testimony of both the Sheriffs deputy and the landowner indicate that the landowner gave his consent to the search. There is no evidence of record (such as a lease) that the defendant had any authority over the wooded property surrounding the house and lawn, which would lead him to expect privacy or exclusive use of that wooded property.. On the other hand, Mr. Williams’ testimony at the motion to quash, reveals that he owned the property, used it for timber operations, and inspected it periodically. Therefore, he had the authority in his own right to consent to a search of the land surrounding the house inhabited by the defendant. Mr. Harper “assumed” the risk that Mr. Williams might permit the area to be inspected. The warrantless search was validly conducted pursuant to the consent of the owner of the property.
Defendant further argues that the search warrant issued to the officers to search the property including the house occupied by defendant, and seize any contraband, was invalid in that (1) it was based on evidence obtained illegally and (2) the application for the warrant contained no evidence as to criminal activity inside the house. Therefore, he urges, the evidence obtained pursuant to the warrant should be suppressed.
“LSA-C.Cr.P. Art. 162 provides that a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. State v. Johnson, 408 So.2d 1280 (La.1982). Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Boksham, 370 So.2d 491 (La.1979). State v. Wise, 434 So.2d 1308 (La.App. 3rd Cir.1983).”
The record indicates that Deputy Lee had received unidentified tips indicating the existence and locations of three patches of marijuana. Relying on a valid consent to search given by the landowner, the officer substantiated the tips with regard to the patches of marijuana. Once having established the reliability of his informant, the officer obtained a search warrant in order to seize the plants observed, as well as to conduct a search of the house. It is clear from this that the facts and circumstances established sufficient probable cause to issue a warrant to search the property and seize any property found in that search. Common sense dictates that if a tip stating that an individual is growing marijuana near his residence has been substantiated by location of the crop, then there is sufficient information on which to base a reasonable belief that contraband may be found in that individual’s residence. As a result of the Officer’s investigation of the property, probable cause existed to obtain a warrant to search the house of that individual for evidence of his criminal involvement with that crop.
In addition the defendant contends that the search of his house is invalidated by the fact that he was absent and not served with a warrant.
La.C.Cr.P. Art. 164 provides:
“In order to execute a search warrant a peace officer may use such means and force as are authorized for arrest by Title V."
Title V, La.C.Cr.P. Art. 224 provides for forcible entry where the officer believes that the object of an arrest warrant is within and entry has been refused or otherwise obstructed. Application of this provision to a search warrant as provided by La.C.Cr.P. Art. 164, supra, allows officers *1033 to execute a search warrant where refused entry or otherwise obstructed.
In State v. Williams, 250 La. 64, 193 So.2d 787 (1967), the Louisiana Supreme Court stated that “... The absence of the person named in the search warrant does not invalidate a search of the premises under the warrant. Nor is there any requirement that the warrant be served before the search.” Further, authority for a search and seizure of property in the absence of the occupant is found in La.C. Cr.P. art. 166 which provides for procedures as follows:
“When a peace officer seizes property under a warrant he shall give a receipt to the person from whom the property is taken, describing the property in detail. In the absence of such person, the peace officer shall leave the receipt in the place where the property was seized.”
This article makes it clear that the legislature contemplated and provided for searches made in the absence of any occupant of the location searched.
In this case the officers had a valid search warrant. It was based on sufficient probable cause to allow a search of the defendant’s house as well as the surrounding land. Finding no one at home, but reasonably believing the contraband to be located within, the officers entered the premises and conducted the search, made an inventory of the articles seized, and left a copy of the search warrant in the home. The entire investigation, from initial search to final seizure was carried out within the parameters of the law. The trial court correctly denied the Motion to Suppress. We affirm.
AFFIRMED.