466 So.2d 686 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
James E. CLARK aka "JIM" and Luther Wood, Jr., Defendant-Appellant.
No. CR 84-532.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1985.
Rehearing Denied April 16, 1985.
*687 D. Michael Mooney, William J. Ziegler, Jr., Salter, Streete & Hale, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., Gernine Mailhes, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before GUIDRY, FORET and STOKER, JJ.
STOKER, Judge.
The defendants, James E. Clark and Luther Wood, Jr., were originally charged by bill of information with the crime of possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966 A(1). On March 12, 1984, prior to jury selection, the *688 State amended the bill of information to charge the defendants with possession of marijuana in excess of 100 pounds but less than 2,000 pounds, a violation of LSA-R.S. 40:966 E(1). On that same date, jury selection in connection with the defendants' trial began. On March 15, 1984, a twelve-person jury found both defendants guilty as charged. On April 6, 1984, the court sentenced each defendant to serve five years in the custody of the Department of Corrections at hard labor without benefit of parole. Both defendants appeal and assign errors, and a brief was filed on behalf of defendant Wood.

FACTS
On May 10, 1983, the Calcasieu Parish Sheriff's Department received a telephone message from a confidential informant, Dave Dunn, who informed the officers that a brown Oldsmobile, driven by James E. Clark, was traveling from the Singer, Louisiana area to 400 Neely Road in Westlake, Louisiana, Luther Wood's residence. The informant stated that from this location the two defendants intended to drive to Orange, Texas, where they would pick up marijuana and later return to the Luther Wood's residence. At that time, the Calcasieu Parish Sheriff's Department began a constant surveillance of the residence of defendant, Luther Wood.
Later that day, police officers observed that a brown Oldsmobile arrived at Luther Wood's residence and that two subjects, later identified as the defendants, James E. Clark and Luther Wood, Jr., drove away. The officers followed the vehicle to Orange, Texas, and observed the two defendants enter a residence and later exit that residence with packages which were placed in the trunk of the Oldsmobile. These two defendants returned to the Westlake, Louisiana residence.
Shortly after the defendants arrived at 400 Neely Road in Westlake, Louisiana, the officers observed "quite a bit" of activity at the residence, which involved subjects entering the residence and then exiting several minutes later. At this time, the confidential informant stated that he had seen a quantity of marijuana inside the residence.
During this time period, the Orange Police Department was notified of the aforementioned incidents; subsequently, a search warrant was issued for the residence in Orange, Texas. Twenty-two pounds of marijuana were seized at that residence incident to that search.
On May 23, 1983, the confidential informant met with John Daily and negotiated for the purchase of 225 pounds of marijuana. John Daily and the confidential informant traveled to Granger's Lounge where they met the defendants, Luther Wood, Jr. and James E. Clark. At that time the defendants asked the confidential informant if he was ready to purchase the 225 pounds of marijuana. The confidential informant indicated that he was ready to purchase the marijuana for $135,000. James Clark then said to the confidential informant, "let's go outside and look at the grass."
These four subjects then exited the lounge and walked to the rear of a white 1976 Mercury bearing a Louisiana tag, 117D351. James Clark opened the trunk of this vehicle and at that time the confidential informant noticed that the trunk contained black bales and that the stench of marijuana was overwhelming. James Clark stated that there was over 225 pounds of marijuana contained in nine bales.
Later that evening, the defendants made two unsuccessful attempts to transfer the marijuana to the confidential informant in exchange for the $135,000.
On May 24, 1983, at approximately 2:00 a.m., the confidential informant called the defendants at John's Barn in Lake Charles, Louisiana. James Clark, Luther Wood and John Daily spoke with the confidential informant at that time and all expressed a desire to finalize the deal that night. The defendant, Luther Wood, even stated, "I don't care if I have to bring the marijuana in front of the courthouse, or beside the Sheriff's Department, we're going to do *689 this deal right now." (Tr. 453) The parties agreed to complete the transaction in the rear parking area of the Downtowner in Lake Charles that night at 3:00 a.m. The confidential informant picked this time for the deal because the officers knew that the three subjects, James Clark, Luther Wood, Jr. and John Daily, would have to go directly to the marijuana in order to arrive at the Downtowner by the agreed upon time.
The three subjects left John's Barn and traveled directly to the rear of Gene's Lounge, where the white Mercury was parked. When Luther Wood opened the door of the white Mercury, Calcasieu Parish Sheriff's deputies arrested the three subjects. The officers then presented the defendants with a search warrant, which had been issued on the evening of May 23, 1983, and opened the trunk of the white Mercury. The officers seized 202.5 pounds of marijuana from the trunk of the vehicle.
Both Wood and Clark appealed and assigned errors. The following assigned errors were briefed by Wood:
1. The trial court erred in not granting defendants' motion for continuance when the State amended the Bill of Information changing the crime the defendants were charged with on the morning of trial.
2. The trial court erred in not granting defendants' motion for mistrial when the court allowed the State to amend its answer to defendants' motions for discovery and use the material in the trial.
3. The trial court erred in not giving defendants' requested jury instruction concerning sentence.
4. The trial court erred in not granting the defendants' motions to suppress.
5. The trial court erred in not granting the defendants' motions to quash.
6. The trial court erred in not granting the defendants' motions for a new trial.

ASSIGNMENT OF ERROR NO. 1
In their first assignment of error the defendants contend that the trial court erred in not granting their motion for a continuance when the State amended the Bill of Information changing the crime that defendants were charged with on the morning of trial.
The defendants were originally charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966 A(1). Under LSA-C.Cr.P. art. 814 A(49), possession of controlled dangerous substances is a responsive verdict to possession of controlled dangerous substances with intent to produce, manufacture, distribute, or dispense. Possession of controlled dangerous substances is also a lesser offense included in the crime of possession with the intent to distribute. The district attorney has the power to amend an indictment to charge such a lesser offense. State v. Gilmore, 332 So.2d 789 (La.1976).
In this case, the amended charge was possession of marijuana in excess of 100 pounds but less than 2,000 pounds, a violation of LSA-R.S. 40:966 E(1). This is not the same crime as possession of marijuana, a violation of LSA-R.S. 40:966 D. In addition to the elements of possession, the quantity of marijuana must be proved. This crime carries a heavier penalty than either possession of marijuana or possession of marijuana with intent to distribute. It is not a lesser offense. Under the circumstances a substantial question is raised as to whether the district attorney could permissibly amend the bill of information to reflect the new charge on the day of trial.
In two early cases it was held that an indictment may not be amended at trial to charge a graver crime with a heavier penalty than the crime charged by the original indictment. State v. Dent, 189 La. 159, 179 So. 67 (1938), citing and relying on State v. Cavanaugh, 52 La.Ann. 1251, 27 So. 704 (1900). More recent jurisprudence has emphasized that a criminal defendant is entitled to notice of the charges against him so that he is given a reasonable opportunity to prepare for trial and defend himself accordingly. State v. Jones, 426 So.2d 1323 (La. 1983).
*690 No doubt the Cavanaugh case, decided in 1900, was influenced by the fact that pleading held a much more significant place than it has come to hold. In 1928, with the adoption of the short form indictment for certain crimes, emphasis was shifted from pleading to use of the bill of particulars for determination of facts beyond those necessary for a fair notice which must be set forth in an indictment or bill of information. In 1938, when the Dent case was decided the court was no doubt still influenced by traditional practice which emphasized pleading and by the pronouncement in the Cavanaugh case. The function of the language of the indictment or information was affected further by the adoption of discovery in criminal procedure. In view of this shift we believe that the rule of Dent and Cavanaugh should no longer be applied so as to prevent absolutely an amendment, although as a result of such an amendment the procedural status of the case will be significantly changed.
In essence there was no actual difference in this case, for example, between the action of the district attorney in amending the existing bill of information and the result which would have been reached had the district attorney filed an entirely new and separate bill of information to charge the new crime of possession of more than 100 pounds and less than 2,000 pounds of marijuana. (This would not be true with respect to a crime in which prosecution must be initiated by grand jury indictment.) In the latter case it would have been necessary for the defendants to be rearraigned on the new charge. In fact, better practice would have called for rearraignment on the amended charge. Except for the matter of arraignment, we see no difference in changing the charge by amendment and filing a new bill. Arraignment gives the accused notice of the charge against him. C.Cr.P. art. 551.
In instances where an indictment or bill of information is amended to charge a lesser included offense, one which would be responsive to the original charge, and the trial court refuses to grant a continuance, the inquiry on appeal is whether the defendant is prejudiced by such action. State v. Davis, 385 So.2d 193 (La.1980); State v. Edwards, 287 So.2d 518 (La.1973); State v. Doucet, 177 La. 63, 147 So. 500 (1933) and State v. Kelly, 176 La. 405, 146 So. 6 (1933).
In the case before us, although a lesser included offense is not involved, we note that the defendants were in no way prejudiced. Possession of the illegal drug is basic to the crime with which they were charged, and the defendants knew the amount of marijuana which the evidence would establish they possessed. The only difference in the elements of crime that the jury would be required to consider was the amount of marijuana possessed and the fact that the jury would not need to determine intent to distribute.
Finally we consider whether the failure to rearraign the defendants on the amended charge was fatal to the proceedings. We note from the record that defendants' counsel made several objections to the allowance of the amendment and to proceeding after the amendment, at least without the granting of a continuance. However, the question of rearraignment was not raised. Under the circumstances, we consider that defendants waived their right to arraignment on the amended charge. C.Cr.P. art. 555. In State v. Sears, 298 So.2d 814 (La.1974), the accused was charged with murder. In that case the Louisiana Supreme Court commented as follows:
"The accused argues that a defect patent on the face of the record exists in that the minute entries fail to indicate that the defendant was arraigned.
"It is true that a defendant has a right to be arraigned. C.Cr.P. 551. However, where a defendant enters upon trial without objection to the defect, he is deemed to have waived his right under C.Cr.P. 555, which provides:
"`Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting *691 thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.'
"Moreover, the defendant does not contend nor show that any prejudice resulted from the entering of the plea of not guilty. Cf. State v. Franks, 284 So.2d 584 (La.1973).
"This contention is without merit."
For the reasons given in State v. Sears, supra, where the trial involved murder and no arraignment took place, we hold that rearraignment in this case after the amendment of the charge was waived. Moreover, in our opinion no prejudice resulted in the defense of defendants.
There is no merit to defendants' specification of error number 1.

ASSIGNMENT OF ERROR NO. 2
The second assignment of error is that the trial court erred in not granting defendants' motion for mistrial when the court allowed the State to amend its answer to defendants' motions for discovery and use the material in the trial.
Article 716 B of the Code of Criminal Procedure provides:
"Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made."
Both defendants made inculpatory statements to an undercover narcotics agent. The assistant district attorney trying this case was not aware of those statements until after the trial had started. She gave notice to the defense counsel at that time. Since she did not know about the statements and did not intend to use them at trial, she could not inform the defendant of their existence. This is not a failure to comply with discovery for which the court should provide a sanction.
Another inculpatory statement made by Clark was disclosed to defense counsel immediately before trial. The statement was that the white Mercury was his and that "we had parked it here yesterday." Defendant Wood argues that it was prejudicial to him to not have been informed of the statement prior to that time. He argues that he could have used it in his motion to sever to establish a basis for the severance. Since the case originally involved three codefendants, Clark's statement does not necessarily implicate Wood. We do not believe the defendants have shown sufficient prejudice to disturb the trial court's ruling. Absent a showing of either bad faith by the State in not informing the defense of the inculpatory statement during pretrial discovery or substantial prejudice to the defendants, the ruling of the trial court will be affirmed. State v. Sterling, 441 So.2d 798 (La.App. 4th Cir. 1983).

ASSIGNMENT OF ERROR NO. 3
The third assignment of error is that the trial court erred in not giving defendants' requested jury instruction concerning sentence. The defendants argue that the court should have instructed the jury of the mandatory minimum sentence for the crime charged. Where a charged crime carries statutorily mandated minimum sentences, a defendant is not entitled to have the jury instructed on the potential penalties. State v. Napoli, 428 So.2d 957 (La.App. 1st Cir.1983), modified on other grounds, 437 So.2d 868 (La.1983); State v. Blackwell, 298 So.2d 798 (La.1974), certiorari denied, 420 U.S. 976, 95 S.Ct. 1401, 43 L.Ed.2d 656 (1975).

ASSIGNMENT OF ERROR NO. 4
The fourth assignment of error is that the trial court erred in not granting the defendants' motion to suppress the evidence seized from the white Mercury. The motion to suppress was based on the insufficiency *692 of the affidavit supporting the issuance of the search warrant in that it did not indicate the source of the confidential informant's information that a quantity of marijuana was in the Mercury. We believe the totality of circumstances support a finding of probable cause to search the Mercury. The affiants had confirmed much of the information provided by the informant. The affidavit stated that twenty-two pounds of marijuana were recovered by Texas law enforcement officers on the basis of the information the informant furnished in this case. It stated that the informant had previously provided information to law enforcement officers which led to arrest. A magistrate's determination of probable cause should be accorded great deference by a reviewing court and the reviewing court should merely determine whether there was substantial basis for the magistrate's determination. State v. Wise, 434 So.2d 1308 (La.App. 3rd Cir.1983), writ denied, 437 So.2d 869 (La.1983). We believe there was a substantial basis for the magistrate's determination and will not disturb that finding.

ASSIGNMENT OF ERROR NO. 5
The fifth assignment of error is that the trial court erred in not granting the defendants' motion to quash based on the alleged unconstitutionality of LSA-R.S. 40:966 E(1). Defendants concede that State v. LeCompte, 406 So.2d 1300 (La.1981), is on point which holds to the contrary. They offer no further argument that the statute is unconstitutional. The trial court did not err in denying the motion to quash.

ASSIGNMENT OF ERROR NO. 6
The sixth and final assignment of error is that the trial court erred in not granting the defendants' motion for a new trial. The defendants argue that in light of all of the aforementioned circumstances, they did not receive a fair trial.
They argue that not having notice of the charge until the day of trial deprived them of a reasonable opportunity to prepare for trial and defend themselves accordingly. They also argue that lack of knowledge of the charge deprived them of the opportunity to consider LSA-R.S. 40:966 F(2), which provides:
"The district attorney may move the sentencing court to reduce or suspend the sentence of any person to whom the provisions of Subsection E are applicable who provided substantial assistance in the identification, arrest or conviction of other parties or conspirators to the crime for which he was convicted or to related crimes. The arresting agency shall be given opportunity to be heard in reference to any such motion. The court may reduce or suspend the sentence if it finds that the defendant rendered such substantial assistance."
Defendants' sixth assignment of error is without merit. Defendants were not prejudiced by the amendment allowed on the day of trial and the denial. If defendants were prepared on the day of trial to defend against the original charge, they were certainly prepared to defend against this amended charge. Concerning the charge that they were deprived of the opportunity to consider LSA-R.S. 40:966 F(2), we are not quite certain what defendants mean by this complaint. The provision in question is one which relates to sentencing, and unless the defendants had provided the State with assistance as provided in the statute, the statutory provision would not come into play. There has been no showing that such assistance was provided by defendants. If the defendants are complaining because they might have sought to bargain with the State through the district attorney had they known they would be charged under this statute, we can only observe that we are unaware of any such a thing as a right to bargain of which defendants were deprived. The complaint does not go to the question of a fair trial because it is a sentencing provision as pointed out above.
Defendants are not entitled to a new trial.
For the reasons assigned, the convictions and sentences of the defendants are affirmed.
AFFIRMED.