LABORDE, Judge.
Defendant, James H. Thompson, Jr., was charged by bill of information on June 23, 1983, with possession of a controlled dangerous substance, to-wit: cocaine with intent to distribute, a violation of LSA-R.S. 40:964, Schedule II, A(4) and LSA-R.S. 40:967 A(l). The defendant was also charged with the possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966. Represented by counsel, *243 defendant was arraigned and entered a plea of not guilty to both charges.
On November 11, 1983, and October 26, 1984, motions to suppress evidence of the crimes were denied.
On March 18, 1985, defendant withdrew his plea of not guilty and entered a plea of guilty to the cocaine charge. The State dismissed the marijuana charge. Counsel for the defendant indicated to the court that defendant was reserving his rights to appeal the hearings on the motions to suppress.
On May 6, 1985, the defendant was sentenced to five (5) years at hard labor. The defendant moved to seek review by appeal in this Court of the trial court’s denial of the motions to suppress evidence.
FACTS
On April 15, 1983, Trooper M.R. Harper of the Louisiana State Police, pursuant to information received from a known confidential informant, executed an affidavit for the issuance of a search warrant to search defendant’s residence, a mobile home in Jena, Louisiana. The contraband to be seized included all controlled dangerous substances, especially, but not limited to, marijuana, found in the residence.
The affidavit set forth facts which essentially say that the affiant had been contacted by a confidential informant (C.I.) known to be reliable, and that within the past thirty-six hours the C.I. was legally inside the defendant’s residence, and while inside observed a quantity of marijuana. The C.I. further informed affiant that he knew the defendant had, on occasion, sold quantities of marijuana.
The affiant further stated that the C.I. has related similar information in the past which has proven to be correct. The affi-ant wrote at the bottom of the affidavit, in his own hand, that information supplied by the C.I. in the past had led to the seizure of marijuana.
Based on the aforementioned affidavit, a search warrant was issued by Judge R.P. Boyd, Jr., of the Seventh Judicial District Court. That same day, April 15, the search warrant was executed by 'Trooper Harper and other state police officers whereupon cocaine, methamphetamine and marijuana were discovered in defendant’s residence and seized along with various weapons.
ASSIGNMENT OF ERROR NO. 1
By this first assignment of error the defendant argues that the trial judge erred in denying defendant’s motion to suppress because: (1) the search warrant did not describe with sufficient particularity the place in the residence to be searched and the officers went beyond the scope of the search warrant in seizing the contraband; and (2) the affidavit submitted for the issuance of the search warrant failed to establish probable cause.
Our review of this assignment is limited to the issue of probable cause, because the defendant failed to present any argument in support of the first contention. Assignments of. error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255, 1256 (La.1982). In any event, defendant’s allegation is without merit. A search warrant authorizing the search of the “premises” at a stated address must reasonably be interpreted to permit a search of the dwelling house proper and anything in close proximity of the house that one normally associates with the word “house” or “premises.” State v. Michel, 422 So.2d 1115, 1118 (La.1982). For this reason, the warrant sufficiently described the place to be searched and there is no showing that the officers exceeded the scope of the warrant.
With respect to defendant’s allegation of a lack of probable cause, the jurisprudence is clear that the task of the issuing magistrate is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit, there is a “fair probability” that evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
*244 Defendant’s first argument is that the affidavit fails to establish probable cause because it did not specify the approximate amount of contraband which was observed by the C.I. while in the defendant’s residence. Citing State v. Boneventure, 374 So.2d 1238 (La.1979), defendant argues that included in the general concept of probable cause is the necessary element of a reasonable belief that the contraband will not have been disposed of, but will have remained at the place to be searched at the time of the proposed search. In Boneven-ture, the informant observed a “quantity” “offered for consumption.” For that reason, the Court concluded the amount was small and there was not probable cause to believe that the same consumable amount would remain on the premises. The instant case is quite different; in addition to observing the marijuana, the informant stated that he knew the defendant had sold quantities of marijuana for profit. This, in conjunction with the fact that the informant had previously directed law enforcement officers to locations resulting in marijuana seizures, establishes that there was a fair probability that the contraband would be found.
The United States Supreme Court in Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, states the test for determining probable cause:
“The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.”
Gates, 103 S.Ct. at 2332.
The affidavit clearly sets out the informant’s veracity in that the informant is known to the affiant to be reliable, has relayed narcotic information in the past which has proven to be correct, and information supplied by the informant has led to the seizure of marijuana in the past. The affidavit also sufficiently sets out the basis of knowledge of the informant in that he was physically present in the place to be searched and saw marijuana within the thirty-six hour period preceding execution of the affidavit.
The affidavit therefore sufficiently establishes probable cause. Furthermore, a magistrate’s determination of probable cause should be accorded great deference by a reviewing court and the reviewing court should merely determine whether there was a substantial basis for the magistrate’s determination. State v. Clark, 466 So.2d 686, 692 (La.App.3d Cir.1985). Such a substantial basis exists and defendant’s assignment is therefore without merit.
ASSIGNMENT OF ERROR NO. 2
In this second assignment of error, the defendant argues that the search warrant is invalid because it was not made by a neutral and detached magistrate.
Defendant bases this contention on the fact that the affiant, Trooper Harper, added information to the warrant at the magistrate’s insistence.
It is clear that a magistrate who fails to manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application and who acts instead as an adjunct law enforcement officer cannot provide valid authorization for an otherwise unconstitutional search. United States v. Leon, — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
The record establishes that when the affidavit was presented to Judge Boyd, the judge questioned the affiant about whether or not his confidential informant had given him any information in the past which resulted in any seizures. Trooper Harper stated that the judge told him to add that information to the affidavit. Trooper Harper did this by adding the following language at the end of his affidavit in the presence of Judge Boyd:
“3. Information supplied by the C.I. has led to the seizure of marijuana in the past.”
*245 Contrary to the defendant’s argument, the action of the magistrate in the instant case shows that he had acted in a neutral and detached manner. The judge questioned the affiant in an effort to be more certain of the existence of probable cause as opposed to simply rubber stamping the search warrant. The fact that the magistrate sought to be sure the informant was credible clearly manifests his neutrality; his action was not the “mere ratification of the bare conclusions of others.” Gates, 103 S.Ct. 2332. There was, therefore, nothing wrong with Trooper Harper adding the information to the affidavit pursuant to the judge’s questioning. Assignment of error number two is without merit.
For the reasons assigned, the conviction and sentence imposed upon the defendant are affirmed.
AFFIRMED.